**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

METROPOLITAN LIFE INSURANCE
COMPANY,

       Plaintiff,

v.                                                         Case No. 10-12005

GLORIA DAVIS and GLORIA SIMS POE,

       Defendants.
_____/

**ORDER REQUIRING PLAINTIFF TO FILE MEMORANDUM**

This case is an interpleader action commenced by Plaintiff Metropolitan Life Insurance Company ("Metlife") to resolve the Defendants' conflicting claims for the life insurance benefits payable by reason of the death of James Melvin Burnett. On August 25, 2010, the court held an on-the-record status conference with pro se Defendants Gloria Davis and Gloria Sims Poe and counsel for Metlife.

According to documents attached to the complaint, Metlife's "enrollment and beneficiary database" indicates that Defendant Davis is the most recent beneficiary of the life insurance policy and that she was named as the beneficiary in a form that was "signed" on March 1, 2008. (Comp. Ex. B.) The complaint does not include or describe a beneficiary designation form naming Defendant Davis. Further, counsel for Metlife indicated that Defendant Davis may have been named the beneficiary through an online computer program that allows insureds to change beneficiary designations online.

Metlife also attached a beneficiary designation form, signed on April 5, 1994, naming Defendant Poe as the policy's beneficiary. (Comp. Ex. C.) Defendant Poe claims that Burnett was not competent to change the policy's beneficiary in March of 2008 and that she is therefore entitled to the insurance proceeds.

Metlife asks the court to allow it to deposit the insurance proceeds into the court registry and to dismiss it from this lawsuit. Before the court does this, it will require Metlife to file a memorandum to aid the court and the pro se Defendants. The memorandum should address how Burnett changed beneficiaries in 2008 and should provide any documentation concerning the 2008 change of beneficiary that Metlife can reasonably obtain. If it is unclear how Burnett changed beneficiaries in 2008, the memorandum should explain the possible ways in which an insured such as Burnett could have effected a changed of beneficiary in March of 2008. The memorandum should also address whether, given a signed designation form, it is proper for a federal court to "look behind" the form and consider whether an insured was competent or if the sole issue is whether the designation form was signed. Metlife should file this memorandum on or before September 3, 2010. The court, however, is receptive to a request for more time should Metlife require it.

After receipt of and consideration of the memorandum, the court will have a better idea of what type of schedule this case will require, and the court will then issue a scheduling order. Accordingly,

IT IS ORDERED that Plaintiff Metlife is DIRECTED TO FILE A MEMORANDUM, as described above, on or before **September 3, 2010.**

       S/Robert H. Cleland  
       ROBERT H. CLELAND  
       UNITED STATES DISTRICT JUDGE

Dated: August 30, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 30, 2010, by electronic and/or ordinary mail.

       S/Lisa Wagner  
       Case Manager and Deputy Clerk  
       (313) 234-5522