**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

METROPOLITAN LIFE INSURANCE
COMPANY,

    Plaintiff,

v.                                                               Case No. 10-12005

GLORIA DAVIS and GLORIA SIMS POE,

    Defendants.
                                                /

**ORDER SETTING SCHEDULE,
TERMINATING AS MOOT ALL PENDING MOTIONS, AND OUTLINING LEGAL
STANDARDS FOR THE ADJUDICATION OF THIS MATTER**

In this interpleader action, on May 18, 2010, Plaintiff filed a complaint alleging that it was unable to determine to which of two possible beneficiaries it was obligated to pay certain life insurance benefits ("Plan Benefits") under the Employee Retirement Income Security Act ("ERISA"). Defendant Davis filed a "Plaintiff's Answer/Motion Letter" on June 7, 2010, a "Request to Order to Not Allow the Deposit of Life Insurance Benefits into the Registry of the Court, Not to Allow Met Life from Action, Nor Discharge Met Life From Any Liability" on August 23, 2010, and a "Plaintiff Motion of the Last Will & Testament" on September 27, 2010. Defendant Poe filed an "Answer/Response to Motion Letter submitted to the United States District Courts" on August 4, 2010, and also a "Plaintiff Motion and Response" letter on September 1, 2010. This court held a status conference with the parties on August 25, 2010, and issued an order requiring Plaintiff to file a memorandum as a condition of its dismissal, which Plaintiff filed on

September 3, 2010. The court acknowledges and appreciates Plaintiff's timely filing of that memorandum.

## I. BACKGROUND

Defendant Davis was designated as the beneficiary of the Plan Benefits on March 1, 2008, purportedly through a website that accesses "the Enrollment and Beneficiary Data Base" and allows the insured to change the beneficiary on the plan. (Pl.'s Mem. 1-2; Pl.'s Compl. Ex. B.) Defendant Poe was designated as the beneficiary on the prior designation form on April 5, 1994. (Pl.'s Mem. 1-2; Pl.'s Compl. Ex. C.) Defendant Poe contends that the decedent, James Melvin Burnett, was not competent and also unduly influenced in 2008 to change the beneficiary, and therefore the March 1, 2008 designation of beneficiary is invalid. (Def. Poe's Aug. 4 Letter 3.) Poe relies on an alleged 2007 order of Michigan Probate Judge Cathie Maher, among other evidence, as proving the incompetence of the decedent. (*Id.*)

## II. STANDARDS

"[C]laims touching on the designation of a beneficiary of an ERISA-governed plan fall under ERISA's broad preemptive reach and are consequently governed by federal law." *Tinsley v. General Motors Corp.*, 227 F.3d 700, 704 (6th Cir. 2000). Where a federal court adjudicates an ERISA-preempted life insurance claim, the "court must 'look to either the statutory language, or, finding no answer there, to federal common law which, if not clear, may draw guidance from analogous state law.'" *Id.* (quoting *McMillan v. Parrott*, 913 F.2d 310, 311 (6th Cir. 1990)). Because ERISA provides no relevant statutory language, and because no federal common law governs, the court must "look to state-law principles for guidance." *Id.* Where the validity of a plan

2

document is at issue, courts may "look beyond the beneficiary designation form to determine the appropriate beneficiary." *Id.* at 704 n.1.

## A. Undue Influence

The party asserting undue influence bears the burdens of proof and persuasion. *United of Omaha Life Ins. Co. v. Nees*, No. 292316, 2010 WL 3718841, at *3 (Mich. Ct. App. Sept. 23, 2010) (citing *In re Peterson Estate*, 193 Mich. App. 257, 260 (1991)). Once that party has met its burden of proof, the burden of proof shifts to the opponent to rebut the charge of undue influence. *Id.* Factors to consider in discerning whether undue influence has been exercised include

> the physical and mental condition of the benefactor; whether the benefactor was given any disinterested advice with respect to the disputed transaction; the "unnaturalness" of the gift; the beneficiary's role in procuring the benefit and the beneficiary's possession of the document conferring the benefit; coercive or threatening acts on the part of the beneficiary, including efforts to restrict contact between the benefactor and his relatives; control of the benefactor's financial affairs by the beneficiary; and the nature and length of the relationship between the beneficiary and the benefactor.

*Tinsley*, 227 F.3d at 705.

## B. Competency

The party seeking to show incompetence bears the burden of proving incompetence by a preponderance of the evidence, and evidence of incompetence before and after the date of the change is relevant evidence. *Aetna Life Ins. Co. v. Yablonsky*, 157 F. Supp. 90, 92 (citing *Grand Lodge, Ancient Order of United Workmen v. Brown*, 160 Mich. 437, 445 (1910)).

> In determining the mental competency of insured to change the beneficiary of an insurance policy, . . . the test is whether he had sufficient mental capacity to understand the business in which he was engaged, the

> extent of his property, the manner in which he desired to dispose of it, and who were dependent on him.

*Id.* (internal quotations omitted). A person under guardianship is conclusively presumed to be incompetent. *Acacia Mut. Life Ins. Co. v. Jago*, 280 Mich. 360, 362 (1937); *see Stevens v. State Farm Mut. Auto. Ins. Co.*, No. 285766, 2009 WL 3683317, at *2 (Mich. Ct. App. Nov. 5, 2009).

### III. DISCUSSION

Defendant Poe, alleging undue influence and incompetence, bears the burden of showing undue influence, incompetence, or both on March 1, 2008, the date the beneficiary was designated. In her pleadings, Poe alleges that Judge Maher determined that in 2007, the decedent's designation of Defendant Davis as his guardian and conservator was invalid "because of him [sic] mental state," but provides only the documentation that was allegedly deemed invalid, not the court's order taking that action. (Def. Poe's Sept. 1 Letter 1, Ex. 4.) She provides some proof that the guardian ad litem appointed by the court found the decedent to be incompetent in August 2009, but the guardian ad litem's report also reveals that a therapist evaluated the decedent as competent around the same time period. (*Id.* Ex. 1, at 4.)

In response, Defendant Davis seeks to prevent Plaintiff from depositing the property in the registry of this court, claims that Poe's statements are false, that Poe is unrelated to the family, and that Poe's motives are unsavory. (Def. Davis's August 23 Letter; Def. Davis's June 7 Letter.)

Defendant Davis has provided no grounds for preventing Plaintiff from depositing the life insurance benefits in the registry of the court, and the court finds that such

4

deposit is proper in an interpleader action under Rule 22 of the Federal Rules of Civil Procedure, to protect Plaintiff from being subject to double liability. The court will direct Plaintiff to deposit the Plan Benefits in a separate order.

The court finds that, while some evidence has been presented with regard to the competency of, and the undue influence asserted over, the decedent, a bench trial will be necessary to determine the validity of the March 1, 2008 beneficiary designation and to resolve this matter.

Pro se Defendants have expended a significant amount of time and effort in preparing and sending letters to the court, some of which have been styled as motions. All of these documents fail, in one way or another, to comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Michigan. *See* Fed. R. Civ. P. 7; E.D. Mich. LR 7.1. Defendants should cease sending letters to the court, but should instead spend their time before the trial preparing the documents and witnesses they plan to present to the court at that time. All of the parties' arguments will be considered at the trial, and either resolved at that time or thereafter, and so the court terminates all pending motions as moot.

Accordingly, IT IS ORDERED that Defendants appear for a bench trial on the above-captioned matter on **October 18, 2010 at 10:00 am**. Defendants should bring with them all documents and exhibits they seek to introduce as evidence, including those related to the validity of the March 1, 2008 designation, as well as any witnesses they plan to call at the trial. Each Defendant will have no more than two hours to present her case to the court, inclusive of any opening or closing statements and the presentation of any witnesses or other evidence.

IT IS FURTHER ORDERED that Defendant Poe's "Motion and Response" [Dkt. # 11] and Defendant Davis's "Motion of the Last Will [and] Testament" [Dkt. # 13] are TERMINATED AS MOOT.

                                              s/Robert H. Cleland
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: October 6, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 6, 2010, by electronic and/or ordinary mail.

                                              s/Lisa Wagner
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522