**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

METROPOLITAN LIFE INSURANCE
COMPANY,

       Plaintiff,

v.                                  Case No. 10-12005

GLORIA DAVIS and GLORIA SIMS POE,

       Defendants.

_____/

### ORDER DENYING DEFENDANT POE'S MOTION FOR RECONSIDERATION

Before the court is Defendant Poe's motion for reconsideration of the court's October 22, 2010 amended order and judgment awarding the life insurance benefits at issue in this interpleader action to Defendant Davis. In a 94-page motion that is generally disorganized and difficult to follow, Defendant Poe presents essentially two conceivably relevant arguments. First, she alleges Defendant Davis has made certain stipulations that foreclose the determinative issue in the case, namely the validity of a beneficiary designation. Second, Defendant Poe, a pro se party, contends that she suffered from certain medical problems on the morning of the October 18, 2010 trial, which prevented her from adequately preparing and presenting her case. Defendant Poe attaches probate transcripts and a doctor's note to her motion. She seeks additional time to prepare and present arguments to the court.

To prevail on her motion to reconsider, Defendant Poe "must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case."

E.D. Mich. LR 7.1(h)(3). This is a tall order. It is not enough to demonstrate a defect: the defect must be *palpable*. Moreover, Defendant Poe must show that a correction of the defect would lead to a different disposition of the case.

A stipulation is "[a] voluntary agreement between opposing parties concerning some relevant point." *Black's Law Dictionary* 1550 (9th ed. 2009). While Defendant Poe asserts that Defendant Davis stipulated to certain facts in a December 2009 probate trial, and attaches excerpts of the transcripts from that proceeding, nowhere does she point to a concession or stipulation by Defendant Davis, within those transcripts or otherwise. After reviewing the transcripts, the court can find no such stipulation.

Defendant Poe's arguments regarding her medical ailments are similarly unavailing. Although Defendant Poe is correct that the court directed Defendants to cease sending successive letters styled as substantive motions to the court in its October 6, 2010 order in light of the then-upcoming trial, Defendant Poe could have filed a request for more time or called the court's case manager if she were suffering from an ailment that would have prohibited her from attending or representing herself at the trial. Moreover, Defendant Poe could have, at the very beginning of the trial, informed the court that she was unable to proceed. She took none of these actions, and appeared before the court ready and able to communicate on the day of the trial.

These two arguments advanced by Defendant Poe are beside the point. Even if Defendant Poe's motion for reconsideration revealed a palpable defect by which the court has been misled—a proposition that is dubious at its very best—she has not presented any evidence that shows additional time to prepare for a trial would result in a

different disposition of the case. That is, Defendant Poe does not present any evidence in her motion for reconsideration that bears upon the validity of the March 1, 2008 designation by the decedent apart from bald, conclusory assertions of the undue influence purportedly applied by Defendant Davis and the date decedent was purportedly diagnosed with Alzheimer's disease.

Defendant Poe has failed to show that the court's order and judgment following the bench trial contained a palpable defect, and has also failed to demonstrate that the receipt of further evidence would result in a different disposition of the case. Accordingly,

IT IS ORDERED that Defendant Poe's motion for reconsideration [Dkt. # 19] is DENIED.


         s/Robert H. Cleland                 
         ROBERT H. CLELAND
         UNITED STATES DISTRICT JUDGE

Dated:  November 4, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 4, 2010, by electronic and/or ordinary mail.

         s/Lisa Wagner                     
         Case Manager and Deputy Clerk
         (313) 234-5522